PER CURIAM:
Bryant Sheldon Jordan pled guilty pursuant to a written plea agreement to one count of conspiracy to distribute cocaine base and cocaine hydrochloride and to possess cocaine hydrochloride with the intent to manufacture cocaine base, one count of possession with intent to distribute cocaine base, one count of possession of firearms in furtherance of a drug trafficking crime, one count of conspiracy to launder money, and one count of destruction of property to prevent seizure, in violation of 18 U.S.C. §§ 924(c)(1)(A)(i), 1956(h), 2232(a) (2006); 21 U.S.C. §§ 841(a)(1), 846 (2006). Jordan was determined to be a career offender and sentenced to a total of 322 months’ imprisonment. Finding no error, we affirm.
Counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), questioning whether Jordan’s sentence is reasonable. Jordan was notified of his right to file a pro se supplemental brief, but did not do so, and the Government elected not to file a responding brief.
When determining a sentence, the district court must calculate the appropriate advisory Guidelines range and consider it in conjunction with the factors set forth in 18 U.S.C. § 3553(a) (2006). Gall v. United States, — U.S. -, 128 S.Ct. 586, 596, *217 169 L.Ed.2d 445 (2007). Appellate review of a district court’s imposition of a sentence, “whether inside, just outside, or significantly outside the Guidelines range,” is for abuse of discretion. Id. at 591. Sentences within the applicable Guidelines range may be presumed by the appellate court to be reasonable. United States v. Pauley, 511 F.3d 468, 473 (4th Cir.2007).
The district court followed the necessary procedural steps in sentencing Jordan, appropriately treating the Sentencing Guidelines as advisory, properly calculating and considering the applicable Guidelines range, and weighing the relevant § 3553(a) factors. Furthermore, Jordan’s sentence, which is at the low end of the Guidelines range and no greater than the applicable statutory máximums, may be presumed reasonable. Thus, we conclude the district court did not abuse its discretion in imposing the chosen sentence.
In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. Accordingly, we affirm the judgment of the district court. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from representation. Counsel’s motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

AFFIRMED.